IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT ANTHONY PITTS,** | * |
| | * |
| v. | *  Civil No. JKS-10-431 |
| | * |
| **MICHAEL J. ASTRUE** | * |
| **Commissioner of Social Security** | * |
| | * |

## MEMORANDUM OPINION

Plaintiff Robert Anthony Pitts brought this action pursuant to 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 41 U.S.C. §§ 401–433 (the Act). Both parties' motions for summary judgment and Pitts' alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Pitts's motions for summary judgment and remand will be denied, and the Commissioner's motion for summary judgment will be granted.

1. **Background.**

Pitts applied for DIB and SSI benefits on October 29, 2006, alleging an onset of disability on August 15, 2006. (R. 11). His application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on February 24, 2009, at which Pitts was represented by counsel. On April 9, 2009, the ALJ found that Pitts was not disabled within the meaning of the Act, (R. 6), and on January 29, 2010, the Appeals Council denied his request for review. (R. 1). Thus, the ALJ's determination became the Commissioner's final decision.

2. **ALJ's Decision.**

The ALJ evaluated Pitts' claim using the five-step sequential process set forth in 20

C.F.R. § 404.1520. First, the ALJ determined that Pitts has not engaged in substantial gainful activity since his alleged onset date. (R. 11). At step two, the ALJ concluded that Pitts suffers from residual effects of myocardial infarction. (R. 11). At step three, the ALJ determined that Pitts does not have an impairment or combination of impairments that meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 12). At step four, the ALJ found that Pitts has the Residual Functional Capacity (RFC) to perform light work, but is limited to simple, routine, and unskilled jobs with low stress, concentration, and memory. (R. 12). He is also limited to sitting and standing 30 minutes on an alternating basis and must avoid dangerous heights, hazardous machinery, temperature and humidity extremes, and prolonged climbing, balancing, and stooping. (R. 12). Once determining that Pitts was unable to perform past relevant work, the ALJ found at step five, based on testimony from a vocational expert (VE) that jobs exist in significant numbers in the national economy that the claimant can perform. (R. 17–18). As a result, the ALJ determined that Pitts was not disabled within the meaning of the Act. (R. 18).

### 3. Standard of Review.

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal

to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. <u>Discussion.</u>**

Pitts poses two allegations of error. First, he claims that the ALJ's RFC assessment finding that Pitts can perform light work is not supported by substantial evidence. Second, Pitts argues, in the alternative, that a remand is warranted because the evidence is insufficient to support a decision.

    A. Assessment of RFC

Pitts contends that the ALJ violated the treating source rule by affording no weight to Pitts' treating cardiologist, Dr. Jeffrey Etherton. He further claims that the only evidence supporting the ALJ's decision is from non-examining state agency physicians whose opinions are only entitled to weight if they contain supportive explanations. The ALJ's RFC assessment, however, is fully supported by objective medical and non-medical evidence.

The ALJ considered the opinions of Pitts' treating physician, Dr. Etherton, his examining cardiologist, Dr. Dennis Chodnicki, and the opinions of Dr. Albright and Dr. Biddison, two state agency medical consultants. (R. 13–16). The ALJ also evaluated Pitts' testimony, subjective complaints, and activities of daily living. In considering the totality of the evidence, the ALJ determined that the findings are inconsistent with an individual experiencing debilitating symptomatology. (R. 14–15). As a result, the ALJ determined that while Pitts is unable to return to his original employment, he is capable of performing light work with certain restrictions. (R. 14–15).

Pitts argues that the ALJ summarily disregarded the testimony of his treating physician,

Dr. Etherton, as inconsistent with the totality of the evidence without sufficient explanation. A treating physician's opinions must be afforded controlling weight only if they are consistent with the evidence and supported by clinical findings. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ provided his basis for according Dr. Etherton's opinions less than controlling weight. First, Dr. Etherton did not provide any clinical or objective findings to support his opinions. (R. 16). The ALJ also noted that Dr. Etherton encouraged Pitts to exercise, (R. 313-15), and to refrain from working prior to a Cardiolite study, R. 314, but did not conclude that Pitts remained disabled after the Cardiolite study. (R. 16). Third, the ALJ found that Pitts' activities of daily living, which included walking, exercising, driving, attending sporting events, shopping, and mowing the lawn, show an ability to perform work-related activities on a sustained and competitive basis. (R. 16). Finally, the ALJ concluded that Pitts' medication regime and history of treatment are inconsistent with an individual who experiences debilitating symptoms. (R. 16). Specifically, Pitts testified that heavy lifting and stress were the only activities that provoked his chest pain (R. 36), and the only medical side effect he experienced was occasional dizziness when he bent over. (R. 46).

The ALJ's RFC assessment was also consistent with the rest of the evidence on the record. Examining cardiologist Dr. Chodnicki opined that it would be difficult for Pitts to participate in heavy labor on a consistent basis, but that he could perform light or desk jobs. (R. 272). In addition, the state agency medical consultants, Dr. Albright and Dr Biddison, who evaluated the evidence of record concluded that Pitts is capable of performing work at the light and medium exertional levels. (R. 290–305). In considering these consultants' evaluations, the ALJ recognized that their opinions are generally provided less weight than an examining physician's opinion, but they were given some weight because they were consistent with the

other evidence in the record. (R. 14-16).

Accordingly, substantial evidence supports the ALJ's determination to give less weight to Dr. Etherton's opinions.

B. ALJ's Development of the Record.

A claimant bears the primary responsibility for presenting evidence that establishes her disability. *See Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987); 20 C.F.R. § 404.1512(a), (c). However, the ALJ also has a duty to ensure that the record is fully and fairly developed prior to making a determination regarding the individual's disability. *See, e.g., Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). This duty is somewhat relaxed when, as here, the claimant is represented by counsel. In such a case, the ALJ ordinarily is entitled to rely on counsel to structure and adequately explore the claims. *Hawkins v. Chater*, 113 F.3d 1162, 1167-68 (10th Cir. 1997).

Pitts argues that insufficient evidence exists to support the ALJ's decision, and as a result, the ALJ should have ordered a consultative examination. As discussed above, the ALJ considered the medical opinions of Dr. Etherton, Dr. Chodnicki, Dr. Albright, and Dr. Biddison. In addition, the ALJ evaluated Pitts' testimony and subjective complaints. The ALJ considered that Pitts is able to perform his own personal care, prepare meals, drive a car, go shopping, and attend high school sporting events. (R. 15). In addition, Pitts is able to exercise regularly with light weights and walk short distances. (R. 15). The ALJ also evaluated Pitts' history of treatment, including that he only receives treatment from his cardiologist once every six months and that he has not had any subsequent surgical procedures. (R. 15). While the ALJ did not provide Dr. Etherton's testimony controlling weight, substantial evidence existed for the ALJ to

find that Pitts could perform light work with certain limitations. Accordingly, the ALJ's finding is affirmed.

**5. Conclusion.**

For the foregoing reasons, Pitts' motions for summary judgment and remand will be denied, and the commissioner's motion for summary judgment will be granted.

Date: February 17, 2011              /S/
                                      JILLYN K. SCHULZE
                                      United States Magistrate Judge